IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHANEL, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Case No. _____ |
| § | |
| **SOUTHERN DIVAS BOUTIQUE, INC.** § | |
| **and MELINDA DEWILLIS [a/k/a** § | |
| **MELINDA WONG DEWILLIS],** § | |
| **individually and jointly d/b/a SOUTHERN** § | |
| **DIVAS BOUTIQUE and SOUTHERN** § | |
| **DIVAS,** § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff Chanel, Inc. ("Chanel," "Plaintiff," or the "Company") hereby sues defendants Southern Divas Boutique, Inc. ("SDBI") and Melinda DeWillis [a/k/a Melinda Wong DeWillis] ("DeWillis"), individually and jointly doing business as Southern Divas Boutique and Southern Divas (Defendants SDBI and DeWillis are collectively referred to as the "Defendants"), and alleges as follows:

**I. STATEMENT OF THE CASE**

1. This is an action for federal trademark infringement and counterfeiting, false designations of origin, federal trademark dilution, and common law trademark infringement pursuant to the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and more particularly, pursuant to 15 U.S.C. §§ 1114, 1116, 1117, 1125(a), 1125(c) and 1125(d), and Texas law. In short, the Defendants are promoting, advertising, distributing, offering for sale, and selling clothing products (including shirts and hats), earrings, handbags,

1

decorative trays, ornaments, and other products bearing counterfeits and/or infringements of Chanel's iconic CHANEL and CC Monogram trademarks. The Defendants' unauthorized use of Chanel's marks on their non-genuine goods is damaging and causing immediate and irreparable harm to Chanel, as well as deceiving and harming the consuming public. Consequently, Chanel brings this action seeking, among other things, injunctive relief, damages, and its reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338, and 15 U.S.C. § 1121. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the Texas common law claim, because the claim is so related to the federal claims in this action over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court pursuant 28 U.S.C. § 1391 because a substantial portion of the alleged unlawful conduct occurred within the Southern District of Texas ("District") and, upon information and belief, Defendant SDBI's offices and principal places of business are in this District, Defendant DeWillis resides in this District, and the Defendants both conduct business within this District.

4. Upon information and belief, personal jurisdiction exists over the Defendants for the reasons set forth in paragraph 3 above, and because the Defendants further avail themselves of the privileges and protections of the laws of the State of Texas, such that this Court's assertion of jurisdiction over the Defendants does not offend traditional notions of fair play and due process.

## III.  THE PARTIES

**1.  The Plaintiff**

5. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business located at Nine West 57th Street, New York, New York 10019.

**2.  The Defendants**

6. Defendant SDBI is an active corporation which, upon information and belief, is organized under the laws of the State of Texas, with its principal places of business located at 23006 Enchanted Landing Lane, Katy, Texas 77494-7576 and 23114 Cinco Ranch Boulevard, Katy, Texas 77494.

7. Defendant Dewillis, is an individual, who, upon information and belief, resides at 23006 Enchanted Landing Lane, Katy, Texas 77494-7576, and conducts business at 23114 Cinco Ranch Boulevard, Katy, Texas 77494.  Upon information and belief, Defendant Dewillis uses the personal alias "Melinda Wong Dewillis," and is the registered agent and president of Defendant SDBI.

8. The Defendants, individually and jointly, use the aliases "Southern Divas Boutique" and "Southern Divas" in connection with the operation of their business, and again, they are directly engaging in the advertisement, promotion, and sale of counterfeit and infringing products within this District and the State of Texas as alleged herein.

## IV.  COMMON FACTUAL ALLEGATIONS

**1.  Chanel's High-Quality Luxury Goods**

9. Chanel is a premier manufacturer and seller of a wide variety of luxury goods, and is a recognized leader in the luxury goods industry.  Relevant to this case, Chanel is engaged

3

in the business of manufacturing, distributing, and selling throughout the world, including within this District, luxury clothing products including shirts and hats (collectively, "Clothing Products") and earrings, which prominently feature Chanel's iconic CHANEL and CC Monogram trademarks.

10. Throughout the entire process from manufacturing to distribution to sale and post-sale customer care, Chanel maintains strict quality control over its high-quality products, including its Clothing Products and earrings. Expending significant time and resources perfecting its products, Chanel closely oversees the sales process to ensure that customers shopping for Chanel products experience the products the way they are meant to be experienced, and that they get the products they believe they are purchasing. To achieve this goal and ensure that a customer's purchasing experience matches the luxury image of the Chanel brand, Chanel authorizes only its own boutiques and certain third-party retailers who are specifically approved by Chanel following a careful review process to sell its luxury products, including its Clothing Products and earrings.

11. Chanel also expends significant time and resources to build and maintain the luxury image of its high-quality products, including its Clothing Products and earrings. Chanel does this by using only high-quality materials, carefully selected sales channels, and investing significant resources each year to advertise and promote these products. As a leader in the field of luxury fashion and beauty products, Chanel ensures that all of its products, including its Clothing Products and earrings, are marketed and sold in a manner that befits and enhances Chanel's reputation. It is essential to the marketing of Chanel's products that all Chanel products appear in a uniform fashion, and are displayed and sold in a manner that both enhances the value of these products and reflects Chanel's hard-earned image and reputation as the manufacturer

and seller of high-end luxury goods. Indeed, Chanel goes to great lengths and expense to present its products in an appealing manner. The total make-up of Chanel's high-quality products, including its Clothing Products and earrings, is integral to these products and to the buyer's experience with Chanel's products.

12. As a result of the Company's efforts, Chanel's Clothing Products and earrings, including the styles at issue in this dispute, are renowned for their high quality, and are easily identified and distinguished by Chanel's iconic marks. Chanel's Clothing Products and earrings are authorized for sale in no less than one hundred retail locations throughout the United States, including within Texas, and Chanel has sold substantial quantities of its Clothing Products and earrings under its famous marks.

## 2. Chanel's Trademarks are Entitled To Protection

13. Relevant to this action in particular, Chanel is the owner of all rights (including common law rights) in and to the following trademarks and United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| (CC logo) | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| (CC logo) | 4,241,822 | November 13, 2012 | IC 025 - For Clothing, namely, Coats, Jackets, Dresses, Tops, Blouses, Sweaters, Cardigans, Skirts, Vests, Pants, Jeans, Belts, Swim Wear, Pareos, Hats, Scarves, Ties, Gloves, Footwear, Hosiery |
| (CC logo) | 1,501,898 | August 30, 1988 | IC 006 - Keychains<br>IC 014 - Costume Jewelry<br>IC 025 - Blouses, Shoes, Belts, |

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
|  |  |  | Scarves, Jackets, Men's Ties<br>IC 026 - Brooches and Buttons for Clothing |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |

As reflected in the foregoing chart, these Chanel trademarks are registered in International Classes 25 and 14, among others, and are used in connection with the manufacture and distribution of, among other goods, Clothing Products and earrings (the "Chanel Marks"). The Chanel Marks are incontestable pursuant to 15 U.S.C. § 1065, and serve as conclusive evidence of Chanel's ownership of the Chanel Marks, and its exclusive right to use these marks in commerce on or in connection with all of the goods identified in the registrations, as provided by 15 U.S.C. § 1115(b).

14. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high-quality Clothing Products, earrings, and other goods for an extended period of time prior to the Defendants' wrongful adoption and use of counterfeits and/or infringements of these marks.

15. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

16. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.

17. Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high-quality Clothing Products and earrings, as well as other goods, and has carefully monitored and policed the use of the Chanel Marks.

19. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high-quality merchandise that is sponsored and approved by Chanel.

20. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high-quality Clothing Products, earrings, and other goods.

**3. The Defendants' Infringing Activities**

21. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

22. Chanel has discovered that the Defendants are promoting, advertising, distributing, offering for sale, and/or selling counterfeit and infringing products, including, but not limited to, clothing products (including shirts and hats), earrings, handbags, decorative trays, and ornaments bearing trademarks that are exact copies of, substantially indistinguishable from, or at least confusingly similar to, the Chanel Marks (the "Infringing Goods"). The Defendants are using some or all of the Chanel Marks in the same stylized fashion for different quality goods.

23. Upon information and belief, the Defendants' Infringing Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, the Defendants are actively promoting, advertising, distributing, offering for sale, and/or selling their Infringing Goods with knowledge that their Infringing Goods will be mistaken for the genuine high-quality products offered for sale by Chanel. The net effect of the Defendants' actions is the confusion of consumers who will mistakenly believe that the Defendants' Infringing Goods are genuine goods that originate from, and have been approved, endorsed, and guaranteed by, Chanel.

24. The Defendants advertise their Infringing Goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks. The Defendants' misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been a proximate cause of damage to Chanel.

25. The Defendants are conducting their counterfeiting and infringing activities at least within this District. As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit. The Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of their goods to conform to the advertised quality or performance.

26. The Defendants' use of the Chanel Marks, including the promotion, advertising, reproduction, distribution, offering for sale, and/or sale of their Infringing Goods, is without Chanel's consent or authorization.

27. Further, the Defendants are engaging in the above-described counterfeiting and infringing activities knowingly and intentionally, or with reckless disregard or willful blindness

to Chanel's rights, for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' intentional wrongful activities are not enjoined by this Court, Chanel and the consuming public will continue to be damaged and irreparably harmed.

28. The Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Infringing Goods when, in fact, there is not.

29. Chanel has no adequate remedy at law.

30. The Defendants are earning substantial profits, and Chanel is suffering irreparable injury and has suffered substantial damages, as a result of the Defendants' unlawful activities described herein.

31. The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

**4. The Defendants have Ignored Chanel's Cease and Desist Letters**

32. On January 13, 2022, Chanel hand-delivered a letter to the Defendants demanding that they (1) immediately cease and desist from selling products bearing counterefeits and infringements of Chanel's trademarks; (2) voluntarily surrender the products and advertising materials in their possession or under their control that bear such marks; and (3) provide information and documentation relating to the purchase, sale, and source of their Infringing Goods. The Defendants did not respond to this letter. Instead, the Defendants continued to advertise, offer for sale, and sell their Infringing Goods.

33. On June 28, 2022, Chanel's undersigned counsel sent the Defendants a second letter by certified mail advising them that Chanel would file a federal trademark counterfeiting and infringement lawsuit against them unless they complied with the demands made in Chanel's January 13th letter referenced in the preceding paragraph. Again, the Defendants did not respond to this letter, but instead, continued to advertise, offer for sale, and sell their Infringing Goods. As a result, Chanel brings this action.

## V. CAUSES OF ACTION

### 1. Federal Trademark Infringement

34. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35. This is an action for trademark infringement against the Defendants based on their manufacture, promotion, advertisement, distribution, offering for sale, and/or sale of clothing products (including shirts and hats), earrings, and other goods using marks which are substantially similar and, in some instances, virtually identical to one or more of the Chanel Marks.

36. Specifically, the Defendants are promoting, advertising, distributing, offering for sale, and selling clothing products (including shirts and hats), earrings, and other goods bearing colorable imitations of the Chanel Marks. In so doing, the Defendants are continuously infringing, directly and contributorily, the Chanel Marks by using them to advertise, promote, and sell clothing products (including shirts and hats), earrings, and other goods bearing the Chanel Marks.

37. The Defendants' infringing activities are likely to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and

quality of the Defendants' Infringing Goods.

38. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damage to Chanel.

39. The Defendants' above-described actions constitute infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registration of the marks, the Chanel Marks are protectable and enforceable against the Defendants, and Chanel is the owner and senior user of the marks.

40. Chanel has suffered and will continue to suffer irreparable injury due to the above-described activities of the Defendants if the Defendants are not enjoined.

41. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Chanel is entitled to recover from the Defendants: (1) the Defendants' profits and (2) the costs of this action. Due to the knowing, intentional, and purposeful nature of the Defendants' conduct, Chanel seeks treble the amount of its actual damages. Alternatively, Chanel is entitled to statutory damages of up to two million dollars ($2,000,000.00) per counterfeit mark, per type of goods sold, offered for sale or distributed, due to the Defendants' willful counterfeiting in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2). Chanel also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

### 2. Federal Trademark Counterfeiting

42. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

43. This is an action for trademark counterfeiting against the Defendants based on their promotion, advertisement, distribution, offering for sale, and/or sale of clothing products (including shirts and hats) and earrings bearing counterfeits of one or more of the Chanel Marks.

44. Specifically, Defendants are promoting, advertising, distributing, offering for sale, and selling at least clothing products (including shirts and hats) and earrings bearing counterfeits of the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks.

45. The Defendants' counterfeiting activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' goods.

46. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damage to Chanel.

47. The Defendants' above-described illegal actions constitute counterfeiting of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registration of the marks, the Chanel Marks are protectable and enforceable against the Defendants, and Chanel is the owner and senior user of the marks.

48. Chanel has suffered and will continue to suffer irreparable injury due to the above-described activities of the Defendants if the Defendants are not enjoined.

49. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Chanel is entitled to recover from the Defendants: (1) the Defendants' profits and (2) the costs of this action. Due to the knowing, intentional, and purposeful nature of the Defendants' conduct, Chanel seeks treble the amount of its actual damages. Alternatively, Chanel is entitled to statutory damages of up to two million dollars ($2,000,000.00) per counterfeit mark, per type of goods sold, offered for sale or distributed, due to the Defendants' willful counterfeiting in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2). Chanel also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

### 3. False Designations of Origin

50. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

51. The Defendants' Infringing Goods bearing and sold under the Chanel Marks have been widely advertised and distributed throughout the United States.

52. The Defendants' Infringing Goods including clothing products (including shirts and hats), earrings, handbags, decorative trays, and ornaments bearing and sold under the Chanel Marks are different and likely inferior in quality from genuine Chanel goods. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to, at least, the origin or sponsorship of the Infringing Goods.

53. In connection with their sale of Infringing Goods, the Defendants have used false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods. Moreover, the Defendants have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

54. Specifically, the Defendants have used the Chanel Marks in the Defendants' advertisement and promotion of their clothing products (including shirts and hats), earrings, handbags, decorative trays, and ornaments. The Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products when, in fact, they are not.

55. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

56. Chanel has sustained injury and damage caused by Defendants' conduct, and absent this Court's entry of an injunction enjoining such conduct, Chanel will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

57. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Chanel is entitled to recover from the Defendants: (1) the Defendants' profits and (2) the costs of this action. Due to the knowing, intentional, and purposeful nature of the Defendants' conduct, Chanel seeks treble the amount of its actual damages. Chanel also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

### 4. Federal Trademark Dilution

58. Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 through 57 above.

59. The Chanel Marks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively by Chanel for decades. By reason of Chanel's extensive advertising and use, the Chanel Marks have become highly distinctive of Chanel's goods, and are uniquely associated with Chanel. The Chanel Marks were famous long before the Defendants imported, offered for sale, or sold the Defendants' Infringing Goods.

60. The Defendants' unauthorized distribution and sale of products bearing the Chanel Marks for goods that are not among Chanel's current U.S. product line, do not comply with Chanel's quality control policy and will tarnish Chanel's reputation and injure the value of the Chanel Marks to Chanel as indicators of the high-quality goods that consumers have come to expect from Chanel, in violation of 15 U.S.C. §1125(c).

61. Upon information and belief, the Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Chanel Marks, and cannot assert any rights in the Chanel Marks that are prior to Chanel's rights.

62. The Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court. Chanel has no adequate remedy at law.

63. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) and due to the willful dilution committed by the Defendants, Chanel is entitled to recover from the Defendants: (1) the Defendants' profits and (2) the costs of this action. Due to the knowing, intentional, and purposeful nature of the Defendants' conduct, Chanel seeks treble the amount of its actual damages. Chanel also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

### 5. Common Law Trademark Infringement

64. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 63 above.

65. This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, distribution, offering for sale, and sale of the Infringing Goods in violation of the common law of the State of Texas.

66. Specifically, the Defendants are promoting, advertising, distributing, offering for sale, and selling infringing products bearing the Chanel Marks. As established by the registration of the marks, the Chanel Marks are protectable and enforceable against the Defendants, and Chanel is the owner and senior user of the marks.

67. The Defendants' infringing activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Infringing Goods. Chanel has no adequate remedy at law, and is suffering damages and irreparable injury as a result of the Defendants' actions.

68. Chanel has sustained injury and damage caused by the Defendants' conduct, and absent this Court's entry of an injunction enjoining such conduct, Chanel will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

69. Under Texas law, Chanel is entitled to recover, in addition to the Defendants' profits, exemplary damages due to the knowing, willful, and intentional nature of the Defendants' actions.

## VI. **PRAYER FOR RELIEF**

70. For the reasons set forth above, Chanel respectfully requests that judgment be entered in favor of Chanel on all causes of action set forth in this Complaint, and that both equitable and monetary relief be awarded in favor of Chanel and against the Defendants, jointly and severally, as follows:

A. Entry of a permanent injunction enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from:

(1) manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, offering to sell, or selling the Defendants' Infringing Goods, including but not limited to, clothing products (including shirts and hats), earrings, handbags, decorative trays, ornaments, and any other products bearing the Chanel Marks;

(2) infringing, counterfeiting, diluting or tarnishing the Chanel Marks;

(3) using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods;

(4) using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel;

(5) falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with Chanel;

(6) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, clothing products (including shirts and hats), earrings, handbags, decorative trays, and/or ornaments;

(7) affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of Chanel, or that such goods are in any way endorsed by Chanel, and from offering such goods in commerce; and

(8) otherwise unfairly competing with Chanel.

B. Entry of an Order requiring the Defendants, within thirty (30) days after entry of the injunction, to account to Chanel (in writing and under oath) and pay Chanel for all profits and damages resulting from the Defendants' unfair competition, trademark infringement, counterfeiting, and dilution activities, and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to its federal trademark counterfeiting claims, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per counterfeit Chanel Mark, per type of goods sold, offered for sale or distributed, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

C.	Entry of an Order pursuant to 15 U.S.C. §1118 that all materials in the Defendants' possession or under their control bearing counterfeits or infringements of the Chanel Marks, or marks that otherwise dilute the Chanel Marks, be surrendered for destruction.

D.	Entry of an Order pursuant to 15 U.S.C. §1117(a) and (b) awarding Chanel its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

E.	Entry of an Order awarding Chanel both pre-judgment and post-judgment interest on all monetary amounts awarded at the applicable federal rate.

F.	Entry of an Order requiring the Defendants, within thirty (30) days after entry of the judgment, to file with the Court and serve Chanel with a sworn statement setting forth the manner and form in which they have complied with all provisions of the judgment.

G.	Entry of an Order awarding Chanel such other and further relief, as the Court deems proper and just.

Dated: December 1, 2022.

Respectfully submitted,

BY:  s/Steven M. Abbott
    Steven M. Abbott
    State Bar No. 00797825
    Federal I.D. No. 9027
Attorney-in-charge for Plaintiff
Chanel, Inc.
6363 Woodway Drive, Suite 825
Houston, Texas 77057
Telephone: (713) 467-1669
Facsimile:  (713) 467-4936
E-mail: abbottsteven@hotmail.com